Ex parte WILLIAM HEINTZ.

No. A-4894.    Opinion Filed Oct. 23, 1923.
(219 Pac. 160.)

(Syllabus.)

**Habeas Corpus—One Convicted Under Unconstitutional Law Discharged.** A person who has been convicted of violating an unconstitutional law will be discharged on habeas corpus.

Habeas corpus by William Heintz for discharge from the state penitentiary. Writ allowed, and petitioner discharged.

Bender & Edwards, for petitioner.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for respondent.

DOYLE, J. This is a petition for writ of habeas corpus for the discharge of Wm. Heintz from the penitentiary at McAlester, wherein it is alleged that he is unlawfully and illegally restrained of his liberty by J. H. Townsend; that the cause of said restraint is a commitment issued by the superior court of Custer county, Thomas A. Edwards, judge, on a charge that he did have in his possession one metal can, two pans, and a stand, which after being set up could be used for the production of distilled spirits, with the unlawful and felonious intent of the said Wm. Heintz to set up for the purposes of using the same to produce distilled spirits, which judgment was rendered on the 19th day of June, 1923, wherein he was sentenced to be confined in the penitentiary at McAlester for the term of two years and to pay a fine of $200 and the costs, and alleging that said restraint is unauthorized, because the act approved February 5, 1923 (chapter 1, Session Laws of 1923), making it a felony to possess any still worm, or still, or a substitute therefor, such as a kettle, wash boiler, metal tank, or other vessel, for the purpose of using, or which, after being set up, may be used, for the production of distilled spirits, as determined

by the decision of this court in case of In re D. E. Smith, 24 Okla. Cr. 415, 218 Pac. 708.

The Attorney General concedes that the writ should issue and that the petitioner be discharged. In the case of Ex parte Smith, supra, the statute upon which this prosecution is based was held unconstitutional and void. It follows that petitioner is unlawfully imprisoned and restrained of his liberty by the respondent, and that he is entitled to be discharged from the imprisonment of which he complains, and he is therefore by the judgment of this court discharged therefrom.

MATSON, P. J., and BESSEY, J., concur.